Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50137 | **DATE** | 5/12/2011 |
| **CASE TITLE** | Walter Caffey (N–32718) vs. Taylor, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court assesses an initial partial filing fee of $6.85. The court authorizes and directs the trust fund officer at plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [4] is denied as moot.

*/s/ Philip G. Reinhard*

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT - OPINION

Plaintiff, Walter Caffey, currently an inmate at Dixon Correctional Center, has filed a civil rights complaint under 42 U.S.C. § 1983.

Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $6.85. The Court authorizes the supervisor of inmate trust accounts at plaintiff's place of confinement to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement, currently Dixon Correctional Center, is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Dixon trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that plaintiff is transferred to another facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint and dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff alleges that on July 23, 2010, he filed a grievance regarding Nurse Chattic's "unprofessional behavior" toward him. On July 29, 2010, plaintiff submitted a grievance regarding his request that a specific physician assistant, Colgan, be allowed to withdraw his blood as she had been doing since 2005. Plaintiff objected to someone else withdrawing his blood, and specifically, Ms. Bassett withdrawing his blood because of a previous incident in 1999 in which Ms. Bassett refused to use a butterfly needle to withdraw his blood. Colgan was no longer withdrawing plaintiff's blood because she was only withdrawing blood from inmates that had blood withdrawn with a groin stick, of which plaintiff chose not to use this method for withdrawal of his blood.

On August 24, 2010, plaintiff received a response from Counselor Hernandez to one of his grievances. Not satisfied with the response to the grievance, plaintiff gave the grievance back to Counselor Hernandez for further review. Shortly thereafter, Counselor Hernandez told plaintiff that his grievance had been lost and that it had to be refiled. Plaintiff refiled the grievance and plaintiff received a similar response. Plaintiff again sought further review of the grievance. The grievance was denied by Grievance Officer Martin. Plaintiff was informed that he was receiving proper medical care and that he could not choose the medical staff that would withdraw his blood.

Plaintiff brings the instant suit based on the manner in which his grievances were handled and the prisoner's refusal to allow Colgan to withdraw his blood.

Any claims relating to the manner in which his grievances were handled, including the loss of one grievance and allegedly not responding in a timely manner, fail to state a claim. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, *i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, plaintiff only appears to allege his dissatisfaction with the manner in which his grievances were handled, not that he has been denied access to the courts. Thus, plaintiff has failed to state a claim regarding the grievance process.

Plaintiff also appears to be making a claim of deliberate indifference to his medical needs because the prison denied his request that a specific individual withdraw his blood.

The Eighth Amendment prohibits cruel and unusual punishment, which encompasses an inmate's right to medical care. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). It is well-established that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eight Amendment. *McGowan*, 612 F.3d at 640. A claim of deliberate indifference includes both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious" to implicate the Constitution. *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not actionable under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. Furthermore, medical negligence is insufficient to demonstrate deliberate indifference. *See Foelker*, 394 F.3d at 513.

Here, plaintiff takes issue with a change in the individual who is to withdraw his blood. The previous physician assistant who plaintiff prefers to withdraw his blood has had her duties changed to include only blood withdraws by a groin stick, a method which plaintiff chooses not to use. While plaintiff has a constitutional right to adequate medical care while detained, that constitutional guarantee does not include medical staff of his own choosing. *See U.S. v. Rovetuso*, 768 F.2d 809, 825 (7th Cir,. 1985). Furthermore, Nurse Chattic's refusal to use a butterfly needle in 1999 cannot be the basis of plaintiff's present complaint as any such claim would be time-barred under the two-year statute of limitations for Section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)

For the foregoing reasons, this suit is dismissed for failure to state a claim on which relief may be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."